UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN BROSNAN,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 25-cv-10678-KAW

**ORDER GRANTING MOTION TO DISMISS; DENYING MOTION TO EXPORT**

Re: Dkt. Nos. 6, 9

On December 15, 2025, Plaintiff John Brosnan filed the instant action against Defendant United States of America, alleging that Defendant violated his Fifth Amendment right to a fair trial. (Compl. ¶ 3, Dkt. No. 1.) Pending before the Court are: (1) Plaintiff's "motion for permission to export," and (2) Defendant's motion to dismiss. (Pl.'s Mot. to Export, Dkt. No. 6; Def.'s Mot. to Dismiss, Dkt. No. 9.)

The Court previously deemed this matter suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b). (Dkt. No. 16.) Having considered the filings and the relevant legal authorities, the Court GRANTS Defendant's motion to dismiss and DENIES Plaintiff's motion to export.

## I.   BACKGROUND

Plaintiff alleges that Defendant violated the Fifth Amendment by failing to disclose evidence to him, resulting in him being convicted and sent to prison.[1] (Compl. ¶¶ 3-5.)

---

[1] Per Defendant, the trial at issue appears to be for Plaintiff's 2010 conviction of "perjury, obstruction of justice, and aggravated identity theft in connection with submitting a false document to Judge Alsup in an unrelated civil proceeding." (Def.'s Mot. to Dismiss at 1; *see also United States v. Brosnan*, No. 10-cr-00068-WHA, 2013 U.S. Dist. LEXIS 115823, at \*3 (N.D. Cal. Aug. 15, 2013).)

Specifically, Defendant allegedly failed to provide a piece of mail that would have shown the jury that Defendant's "main witness Brysk was profitting [sic] from being involved in a criminal enterprise and was testifying to protect that criminal enterprise." (Compl. ¶¶ 31-34 (bold omitted).) Defendant also allegedly had the court remove information from the transcript that would have told the jury about this mail. (Compl. ¶ 47.)

Plaintiff also alleges that he developed a Perpetual Motion Electricity Generator and a Wave Motion Electricity Generator that can end global warming, but that after he was sent to prison, he was prevented from earning money from selling these technologies. (Compl. ¶¶ 70, 72.) For example, the Patent and Trademark Office ("USPTO") refused to grant a patent for the Perpetual Motion Electricity Generator because "the USPTO claims it would violate the laws of thermodynamics." (Compl. ¶ 88.) Plaintiff also sought a permit to export his technology, but his application was voided because the Department of State Directorate of Defense Trade Controls were demanding detailed plans of how his technology works. (Compl. ¶¶ 97-98.)

On December 15, 2025, Plaintiff filed this case, asserting a single cause of action for violation of the Fifth Amendment and seeking either $7 billion or the ability to "export his technologies without providing plans to the USA." (Compl. at 13.) On January 18, 2026, Plaintiff filed his motion to export. On February 5, 2026, Defendant appeared and filed a motion to dismiss with prejudice for lack of jurisdiction. Defendant also filed an opposition to Plaintiff's motion to export. (Def.'s Opp'n, Dkt. No. 10.)

Plaintiff's opposition to Defendant's motion to dismiss was due on February 19, 2026. After Plaintiff failed to file an opposition, the Court issued an order to show cause, stating: "Plaintiff is ordered, on or before March 2, 2026, 1) to file an opposition or statement of non-opposition to the pending motion, and 2) to file a response to this order of show cause explaining why the opposition was not timely filed." (Dkt. No. 14.) The following day, Plaintiff filed a reply regarding his motion to export. (Pl.'s Reply, Dkt. No. 15.)

To date, Plaintiff has not filed an opposition to Defendant's motion to dismiss.

## II.   LEGAL STANDARD

A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant

United States District Court
Northern District of California

to Federal Rule of Civil Procedure 12(b)(1). A Rule 12(b)(1) motion tests whether a complaint alleges grounds for federal subject matter jurisdiction. A motion to dismiss for lack of subject matter jurisdiction will be granted if the complaint on its face fails to allege facts sufficient to establish subject matter jurisdiction. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003). In considering a Rule 12(b)(1) motion, the Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). Once a party has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the court's jurisdiction. *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

### III.    DISCUSSION

As an initial matter, Plaintiff did not file an opposition to the motion to dismiss, despite the Court *sua sponte* extending the deadline to give him a further opportunity to respond. (Dkt. No. 14.) The Court's standing order provides: "The failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute consent to the granting of the motion." (Judge Westmore Standing Order ¶ 22.) Thus, the Court construes Plaintiff's failure to oppose as consent and GRANTS Defendant's motion to dismiss with prejudice.

In any case, dismissal with prejudice is warranted based on the merits of the motion. Defendant moves for dismissal on the basis of sovereign immunity. In general, "[t]he United States, as a sovereign, is immune from suit unless it has waived its immunity." *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007). Further, "[t]o confer subject matter jurisdiction in an action against a sovereign, in addition to a waiver of sovereign immunity, there must be statutory authority vesting a district court with subject matter jurisdiction." *Alvarado v. Table Mt. Rancheria*, 509 F.3d 1008, 1016 (9th Cir. 2007). Thus, a plaintiff "must establish some form of statutory authorization for their claims." *Id.*

Here, Plaintiff brings a single claim for violation of the Fifth Amendment. (*See* Compl. at 12.) Plaintiff does not identify a waiver of sovereign immunity nor a statutory authority vesting

3

the Court with subject matter jurisdiction. Indeed, with respect to monetary damages, courts have dismissed Fifth Amendment claims "because the federal government has not waived sovereign immunity for monetary damages for constitutional violations." *Iliya v. United States Marshals Serv.*, No. 24-cv-03720-TSH, 2024 U.S. Dist. LEXIS 231028, at *10 (N.D. Cal. Dec. 20, 2024); *see also FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (finding that actions for monetary damages for alleged constitutional violations could not be brought against a federal agency). As to Plaintiff's request for equitable relief regarding export of his technology, Plaintiff cites no legal authority that would constitute a waiver of sovereign immunity or provide statutory authorization for the claim in either his complaint or motion to export, and the Court knows of none.[2]

The Court further finds that dismissal with prejudice is warranted because amendment appears futile. There is nothing to suggest that a waiver of sovereign immunity or a statutory authorization for Plaintiff's claim exists.

Accordingly, the Court DISMISSES the case with prejudice. Because the Court dismisses the case with prejudice, Plaintiff's motion to export is DENIED as moot.

### IV.    CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's motion to dismiss and DENIES Plaintiff's motion to export. The Court DISMISSES the case with prejudice.

IT IS SO ORDERED.

Dated: March 10, 2026

KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

---

[2] At best, 35 U.S.C. § 145 permits an applicant to bring a civil action to obtain a patent, but only after a patent application has been rejected twice and then appealed to the Patent Trial and Appeal Board. *See* 35 U.S.C. § 134. Plaintiff alleges no facts to suggest that he has exhausted his administrative remedies, and thus the Court would still lack subject matter jurisdiction. *Panos v. Dir. of the United States PTO*, Civil Action No. 3:14cv698, 2015 U.S. Dist. LEXIS 133898, at *25 (E.D. Va. Sep. 30, 2015). Further, § 145 does not provide for Plaintiff's requested equitable relief, *i.e.*, the ability to export his technology without providing plans to Defendant.